UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY a/s/o Jindal Tubular USA, LLC<br>Plaintiff | §<br>§<br>§ | |
| V. | § | CIVIL ACTION NO. 3:21-cv-2073 |
| | § | |
| UNION PACIFIC RAILROAD COMPANY<br>Defendant | §<br>§<br>§ | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Zurich American Insurance Company a/s/o Jindal Tubular USA, LLC, files its Original Complaint against Defendant UNION PACIFIC RAILWAY COMPANY and would respectfully show as follows:

**INTRODUCTION**

1. This action involves a claim against Defendant for damage to eleven (11) large pipes (the Cargo) suffering damage as a result of a derailment while in transit in this District. The Cargo originated in Port Bienville, Mississippi and was to be delivered to Monahans, Texas. The pipes were damaged and Plaintiff paid $156,673 to its insured who had a deductible of $5,000 for a total claim of $161,673.

**PARTIES**

2. Plaintiff Zurich American Insurance Company (ZAIC) is a New York corporation engaged in the insurance business with a statutory home office located at 4 World Trade Center, 150 Greenwich Street, New York, NY 10007, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196. It is authorized to transact business and has transacted

business in Texas and was the insurer of Jindal Tubular USA, LLC, 13092 Seaplane Road, Bay St. Louis, Mississippi 39520 (Jindal).

3.  Defendant Union Pacific Railroad Company (UP) is a Delaware corporation with its principal place of business located at 1400 Douglas Street, Omaha, Nebraska 68179 with the power to sue and be sued and which is regularly doing business in Texas and the United States and is a railroad common carrier of goods for hire and bailee for hire. UP can be served through its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION & VENUE

4.  Plaintiff's complaint contains causes of action for damage to cargo falling under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 11706, and is therefore within the jurisdiction of this Court pursuant to 28 U.S.C. §1331, as more fully appears herein. The Court also has jurisdiction under 28 U.S.C. §1332 because the matter in controversy exceeds the sum of value of $75,000, exclusive of interest and costs, and is between citizens of different states of the United States, or alternatively under 28 U.S.C. §1367. Venue is proper in this District pursuant to 49 U.S.C. §14706(d)(1) and (2) and pursuant to 28 U.S.C. §1391(b)(2).

## FACTS

5.  On or about June 24, 2020, Defendants, and each of them, received a cargo of large pipes at Plaintiff's subrogee's facility in Port Bienville, Mississippi for transport and delivery to Monahans, Texas. The Cargo was secured to railcar 142061 as depicted in the images attached as Exhibits A and B and incorporated herein. The method of securement was consistent with numerous shipments of identical pipe accepted by UP prior to the derailment described herein.

6.  Defendants, and each of them agreed in return for good and valuable consideration, to receive, properly care for, and safeguard said cargo from Port Bienville, Mississippi to

Monohans, Texas, and there deliver the said cargo in the same good order, condition, and quantity as when received.

7.      Thereafter, in breach of and in violation of said agreements and their duties, Defendants, and each of them, did not deliver said cargo in the same good order, condition, and quantity as when received. To the contrary, the Cargo was damaged on July 9, 2020 in transit by a "sideswipe" event as noted by UP and not delivered to the final destination of Monohans, Texas in the same good order and condition as when tendered for transport. Timely notice of the claim was provided.

8.      Prior to the shipment of the herein described cargo and prior to any loss thereto, Plaintiff ZAIC issued its policy of insurance whereby Plaintiff ZAIC agreed to indemnify the owner of the Cargo, and its assigns, against loss of or damage to said cargo while in transit, and Plaintiff ZAIC has therefore become obligated to pay, and has paid, to the person entitled to payment under said policy the sum of $156,673 to its insured who had a deductible of $5,000 for the damage to the Cargo.

## **FIRST CAUSE OF ACTION**
**(Carmack Liability)**

9.      Plaintiff realleges and incorporates herein with like force and effect every allegation of paragraphs 5 through 8 as set forth above.

10.     Plaintiff is informed and believes and alleges that on or around July 5, 2020, defendant, acting as rail carrier, received a certain cargo of pipe in good order and condition from its subrogee, Jindal Tubular USA, LLC ("Jindal"). Defendant agreed under contract(s) of carriage and in return for good and valuable consideration, to carry said cargo to Monhans, Texas and there deliver said cargo to the lawful owners and others, in the same good order, condition, and quantity as when received.

11.     Thereafter, in breach of and in violation of said agreements, defendant did not deliver said cargo in the same good order, condition and quantity as when received. To the

contrary, defendant delivered the cargo in damaged condition. The reasonable value of the damaged/non-delivered cargo, plus incidental expenses, was $161,673, and Plaintiff was damaged in that amount.

## SECOND CAUSE OF ACTION
### (Breach of Contract)

12. Plaintiff realleges and incorporates herein with like force and effect every allegation of paragraphs 5 through 8 as set forth above. This cause of action is expressly pled in the alternative in the event the Court holds that there is no statutory cause of action under the Carmack Amendment against defendant, UP.

13. Plaintiff is informed and believes and alleges that on or around July 5, 2020, defendant UP, acting as rail carrier and/or bailee, received a certain cargo of pipe in good order and condition from Plaintiff's subrogee, Jindal Tubular USA, LLC ("Jindal"). Defendant agreed under contracts(s) of carriage and in return for good and valuable consideration, to carry said cargo to Monhans, Texas and there deliver said cargo to the lawful owners and others, in the same good order, condition, and quantity as when received. Jindal was the owner of the subject cargo and a party to and/or intended beneficiary of the subject contract(s).

14. Thereafter, in breach of and in violation of said agreements, defendant UP did not deliver said cargo in the same good order, condition, and quantity as when received. To the contrary, defendant UP delivered the cargo in a damaged condition and/or non-delivered the cargo. The reasonable value of the damaged/non-delivered cargo, plus incidental expenses, was $161,673, and Plaintiff was damaged in that amount.

## THIRD CAUSE OF ACTION
### (Negligence)

15. Plaintiff realleges and incorporates herein with like force and effect every allegation of paragraphs 5 through 8 as set forth above. This cause of action is expressly pled in

the alternative in the event the Court holds that there is no statutory cause of action under the Carmack Amendment against defendant, UP.

16. Defendant UP was negligent in causing and/or permitting the shipment of pipe to be damaged. Said negligence includes, without limitation, errors in shipping instructions, handling, routing, and carriage of the said cargo, among other acts. Plaintiff cannot more specifically allege Defendants' acts or omissions constituting negligence.

17. To date, defendant UP has failed to provide information or documentation about how the cargo became damaged other than to mention a "sideswipe" event. Accordingly, Plaintiff expects that discovery will turn up additional factual grounds for negligence, and Plaintiff invokes and relies upon the doctrine of *res ipsa loquitor* because the character of the loss was such that it would not have happened in the absence of negligence, and the instrumentality causing the occurrence was exclusively within the Defendants' control.

18. As a direct and foreseeable consequence of defendant's negligence, the said cargo became damaged and unfit for its intended purpose. As a result, Plaintiff was damaged in the amount of $161,673 no part of which has been paid, despite demand therefor.

## DAMAGES

19. As a direct and proximate result of Defendants' negligence, carelessness, lack of due care, breach of duty or breach of contract, Plaintiff has sustained damages of a total claim of $161,673, together with interest and costs of this action, none of which has been paid by Defendants despite due demand.

20. Plaintiff ZAIC is a fully subrogated insurer and assignee with standing to recover for the damaged Cargo.

Wherefore, Plaintiff Zurich American Insurance Company, prays that Defendants be cited to answer and appear and that upon final trial, Plaintiff has, among other things:

a. Judgment against Defendants, Union Pacific Railroad Company for its alleged damages of $161,673.

b. Pre-judgment interest dated from July 9, 2020;

c. Post-judgment interest;

d. Attorney's fees;

e. Court costs, and

f. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

W. SEAN O'NEIL, ATTORNEY AT LAW

*/s/ W. Sean O'Neil*
W. Sean O'Neil
Attorney-in-Charge
Texas State Bar No. 24033807
1880 S. Dairy Ashford St., Suite 208
Houston, Texas 77077
Telephone:   (281) 496-0193
Telefax:        (281) 496-0680
Email:           wsoneil@wsolaw.com
**ATTORNEY FOR PLAINTIFF**